IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAFAEL ROBERTSON,

    Petitioner,

vs.

DEBORAH A. HICKEY, Warden,

    Respondent.

CIVIL ACTION NO.: CV209-098

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rafael Robertson ("Robertson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent has filed a Motion to Dismiss, and Robertson has filed a Response-Traverse. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE FACTS

Robertson was convicted in the Western District of Texas of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). That court found that Robertson's previous convictions for robbery and drug charges qualified him for a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(a)(2). Robertson was sentenced to 405 months' imprisonment. On appeal, the Fifth Circuit Court of Appeals affirmed Robertson's conviction and sentence. Robertson

did not file a motion to vacate, correct, or set aside his convictions pursuant to 28 U.S.C. § 2255. (Doc. No. 1, p. 2).

In this petition, Robertson contends he is actually innocent of one of the predicates used to enhance his sentence, which has caused him to be imprisoned longer than he should be. Robertson asserts that the United States Supreme Court's decision in Salinas v. United States, 547 U.S. 188 (2006), "calls into serious question the validity" of the sentence he is currently serving. (Pet'r's Mem., p. 2). Robertson also asserts that Salinas has a direct impact on his case, as he was sentenced in the Fifth Circuit and because this opinion shows that his prior conviction for possession of .35 grams of cocaine base wrongfully was considered a serious drug offense instead of simple possession.

Respondent asserts that Robertson is attacking the validity of his conviction, not the execution of his sentence, and thus, Robertson must bring his claims pursuant to section 2255. Respondent also asserts that Robertson does not meet the requirements of that section's savings clause. Additionally, Respondent contends that Robertson is time-barred from filing a § 2255 motion.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Robertson has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Robertson asserts that section 2241 is the appropriate statute under which to seek relief because a fundamental defect occurred in his sentence and because he did not have the "opportunity to obtain judicial correction of that defect earlier." (Pet'r's Mem., p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed

consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

In Salinas, the Supreme Court held that the Fifth Circuit Court of Appeals "erred in treating [the] petitioner's conviction for simple possession as a 'controlled substance offense[ ]'" for purposes of the United States Sentencing Guidelines' career offender provision, § 4B1.1. 547 U.S. at 188. This decision did not change the Sentencing Guidelines and has not been made retroactively applicable, even if the decision had done so. In addition, Robertson's sentence enhancement was based on the ACCA, not the Sentencing Guidelines. Salinas does not establish that Robertson was convicted of a non-existent offense. Moreover, even if Robertson did not have the perceived benefit of the Salinas decision prior to 2006, Robertson could have contended to the trial court that he is actually innocent of being an armed career criminal.

Robertson fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or

AO 72A
(Rev. 8/82)

that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition.

Robertson has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Robertson cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Robertson is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

It is unnecessary to address the alternative ground of dismissal Respondent has set forth.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Robertson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of January, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE